**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                              **5:06cr35/RS**
                                              **5:08cv235/RS/MD**

**BRANNON JERMAINE SPENCER**

---

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 84). The government has filed a response (doc. 88) and the defendant has filed a reply (doc. 97). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant Brannon J. Spencer was charged as the lone defendant in a single count indictment with possession with intent to distribute more than fifty (50) grams of a mixture and substance containing cocaine base. (Doc. 1). Defendant was represented by Christopher Nida Patterson, Esq., appointed counsel.

The government filed a notice indicating its intent to seek enhanced penalties due to two prior Florida convictions for drug offenses. (doc. 30, amended notice).

Defendant had been convicted of sale of cocaine, and possession with intent to sell cocaine in Washington County Florida.

A jury trial took place on July 21, 2006, and defendant was found guilty as charged. The offense conduct involved 166 grams of cocaine base that was seized from the defendant's vehicle at the time of his arrest. The verdict form reflected that the jury unanimously found that the offense conduct involved more than fifty (50) grams of a mixture and substance containing cocaine base. (Doc. 43 at 2).

The PSR reflected a base offense level of 34 due to the quantity of cocaine base seized at the time of defendant's arrest, and a two level adjustment for obstruction of justice due to his "reckless [creation] of a substantial risk of death or serious bodily injury to another person" in violently resisting arrest. (PSR ¶¶ 13 & 17). Defendant was considered a career offender due to his two prior felony convictions for controlled substance offenses. Defendant's total offense level was 37 (PSR ¶ 21) and his criminal history category was VI. (PSR ¶ 33). Counsel made no objections, noting at sentencing that he could not make any good faith objections to the drug weight or base offense level, or the obstruction of justice adjustment based upon the evidence presented at trial. (Doc. 69 at 3). Counsel also noted that after consultation, he and his client made a strategic decision to stipulate for purposes of the enhancement that the defendant had two prior drug convictions in order to prevent the government from specifically talking about the specifics of the two priors and avoiding the potential spill-over effect with the jury. (*Id.* at 4). Finally, counsel noted he could not make a good faith objection to the defendant's career offender status. (*Id.*). Defendant admitted the two prior convictions upon questioning from the court, but otherwise declined to speak at sentencing. (*Id.* at 4-5). The court imposed the statutory mandatory minimum sentence of life in prison. (*Id.* at 6; doc. 48).[1]

---

[1]The court also noted that it had calculated the applicable advisory unrestricted guidelines range to be 360 months to life. (Doc. 69 at 6).

Defendant appealed, and counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). (Doc. 75). The Eleventh Circuit affirmed defendant's conviction and sentence after it determined after "independent review of the entire record . . . that counsels assessment of the relative merit of the appeal [was] correct. . . and there were "no arguable issues of merit." (Doc. 75 at 2).

Defendant timely filed the instant § 2255 motion in which he separated his claims into nine grounds for relief. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2)

actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11ᵗʰ Cir. 2000).

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11ᵗʰ Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11ᵗʰ Cir. 1993). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11ᵗʰ Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11ᵗʰ Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); *United States v. Pease*, 240 F.3d 938, 941 (11ᵗʰ Cir. 2001). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008); *United States v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not

entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d

at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). With these standards in mind, the court will review each of defendant's claims in turn.[2]

### 1. <u>Fifth Amendment</u>

Defendant contends that the jury did not determine his enhancements in regards to drug type and drug quantity. To the extent he contends that the jury did not determine drug type and drug quantity, he is mistaken. The verdict form clearly reflects a finding as to both of these issues. (Doc. 43). This finding, that defendant possessed with intent to distribute more than 50 grams of crack cocaine, was sufficient to support defendant's sentence. There was no error and no basis for an objection.

Defendant also maintains that in determining his sentence, the trial court used the "preponderance of the evidence" standard, rather than "beyond a reasonable doubt" for its factual findings. This is true, but the standard used was legally correct. It is well established that where a defendant challenges a factual basis of his sentence, the government has the burden of establishing the disputed fact only be a preponderance of the evidence. *United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir. 2006); *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). To the extent that the defendant disputes the court's finding that the offense conduct specifically involved 166 grams rather than "more than 50 grams" of crack cocaine, his argument is nonsensical. All 166 grams of crack cocaine were found together

---

[2]The court notes that the majority of defendant's claims are not framed in terms of ineffective assistance of counsel and thus are procedurally barred. In light of the defendant's pro se status and the latitude afforded to pro se litigants, the court will nonetheless review the claims as though raised under the ineffective assistance of counsel umbrella.

in a box in the defendant's vehicle. It would utterly illogical to find that he possessed only 50 of the 166 grams.

### 2. Ineffective assistance of counsel

Defendant contends that he did not receive effective assistance of counsel during the underlying criminal proceedings because counsel failed to object to the Fifth Amendment violation identified in ground one, and because counsel failed to provide the minimally expected level of expertise during sentencing. There was no meritorious ground for counsel to raise with respect to any alleged Fifth Amendment violation, as explained above. Furthermore, defendant's conclusory assertion that counsel did not provide constitutionally effective assistance of counsel during sentencing is not supported by the record. As noted above, counsel explained on the record why there were no legal grounds to object to any of the factors that influenced his client's sentence. It is well established that counsel is not ineffective for failing to preserve or argue a meritless claim. *Freeman v. Attorney General, Florida,* 536 F.3d 1225, 1233 (11th Cir. 2008); see also *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore,* 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence)*; Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). In this case, the Eleventh Circuit found no issues of arguable merit on appeal. And in addition, any guidelines arguments, even if successful, would not have affected the defendant's statutory mandatory minimum sentence. Thus, defendant has

shown neither deficient performance nor prejudice and he is not entitled to relief on this claim.

### 3. Failure to instruct the jury on specific Intent

Defendant asserts that his conviction and sentence must be set aside because the trial court erred by failing to instruct the jury on the "specific intent" element of the actual drug amount and type. Again, a review of the jury form and jury instructions reveals that defendant is mistaken. The court instructed the jury on the elements of the offense and the meaning of the terms "knowing," "possession," and "possess with intent to distribute." (Doc. 41 at 9-13). The jury was also instructed that upon a finding of guilty, the jurors would be required to unanimously agree on the weight of the drug attributable to the defendant. (*Id.* at 11). The jury verdict form reflects that this was done. (Doc. 43). There was no error and there is no basis for relief.

### 4. Crack cocaine enhancement should be set aside

Defendant contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) require that he be sentenced under the guidelines for powder cocaine. His assertion again is utterly mistaken in light of the jury's specific finding that he was guilty of possessing more than fifty (50) grams of crack cocaine with intent to distribute. There was absolutely no evidence to suggest that the 166 grams of controlled substance recovered from defendant's vehicle was not crack cocaine. Defendant's attempt in his reply to distinguish crack cocaine from another unspecified form of cocaine base is unavailing, as guidelines sentencing differences arise between powder cocaine and cocaine base, rather than forms of cocaine base.

In addition, the statutory mandatory minimum sentence trumped any guidelines considerations.

In the alternative, defendant argues that he is entitled to a two-point sentence reduction in light of Amendment 706 to the guidelines. Again, defendant's argument is without merit. A two level downward departure from the applicable advisory guidelines range due to Amendment 706 would not result in any change in defendant's sentence as it would not affect the statutory mandatory minimum life sentence that he received. See *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008); *United States v. Shuler*, 3232 Fed.Appx. 732 (11th Cir. 2009); *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008). See also U.S.S.G. § 1B1.10 cmt. N.1(A) (Amendment 706 does not lower a defendant's guideline range when he is subject to "a statutory mandatory minimum term of imprisonment.") Furthermore, defendant's total offense level of 37 would not change due to his career offender status. *Moore*, 541 F.3d at 1327. Thus, neither argument has merit.

## 5. Controlled Substance Act creates a two-prong penalty system

Defendant contends that the controlled Substances Act of 1970 is unconstitutional because it creates a two-pronged penalty system: one for licensed persons and one for unlicensed persons, in violation of the Equal Protection clause. In regard to constitutional claims of discrimination, the Eleventh Circuit has stated:

> Equal protection claims can be divided into three broad categories. The first and most common type is a claim that a statute discriminates on its face. In such a case, a plaintiff can prevail by showing that there is no rational relationship between the statutory classification and a legitimate state goal. When the statute facially discriminates against certain groups or trenches upon certain fundamental interests, courts have required a closer connection between the statutory classification and the state purpose. The second type of equal protection claim is that neutral application of a facially neutral statute

> **has a disparate impact. In such a case, a plaintiff must prove purposeful discrimination. The third type of claim is that defendants are unequally administering a facially neutral statute. . . . The equal protection standard applicable to a claim of unequal application of facially neutral legislation is materially different than that applicable to a challenge to classifications created on the face of the legislation.**

*E & T Realty v. Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988) (citations omitted). Defendant has failed to identify any similarly situated individuals who receive more favorable treatment under the law. *See Thigpen v. Bibb County*, Ga., Sheriff's Dept., 223 F.3d 1231, 1237-39 (11th Cir. 2000). There are no individuals licensed to possess and distribute crack cocaine, and the fact that licensed persons may receive lesser penalties for violating the same controlled substances statute with different controlled substances does not support an Equal Protection claim, as such individuals are not "similarly situated."

### 6. Defendant's prior conviction was not a serious drug offense

Defendant asserts that because his prior conviction was not a "serious drug offense" pursuant to 18 U.S.C.A. § 3559(H)(ii), it could not be used pursuant to 21 U.S.C. § 851(a) to provide the basis for the sentence enhancement.

Defendant had two prior felony drug offenses for which he received sentences of four years and twenty-seven days' imprisonment. (PSR ¶¶ 26 & 29). Neither § 841(b)(1)(A) nor the Career Offender guideline, § 4B1.1 of the Sentencing Guidelines, does not require that predicate offenses be "serious" drug offenses.[3] On the contrary, that term is used and defined within 18 U.S.C. § 924(e)(2)(A), the Armed

---

[3] U.S.S.G. § 4B1.1(a) provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Career Criminal Act, which is irrelevant to the defendant's case. Defendant's convictions for "sale" of cocaine are sufficient to support the enhanced sentence. See, e.g., *United States v. Jean*, 2009 WL 3601198 (11th Cir. 2009) (prior convictions for selling crack cocaine qualified defendant as a career offender under § 4B1.1); *United States v. Anderson*, 289 F.3d 1321 (11th Cir. 2002) (prior convictions for sale or delivery of cocaine on or near school property and one for possession of cocaine counted as prior felony drug offenses for purposes of 21 U.S.C. § 851); *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (prior conviction for selling crack cocaine was a controlled substance offense pursuant to § 4B1.2(b)).

**7 & 8. Ambiguity in § 851(a) must be construed in favor of defendant; Prior convictions must be charged in the indictment**

Defendant contends that § 851(a) is ambiguous, and as such it must be construed in his favor, which means that his prior convictions must be charged in the indictment. It is not clear from the language of the statute, he argues, whether the current offense or the prior offenses must be charged in the indictment. See *United States v. Ortiz,* 143 F.3d 728, 729 (2nd Cir. 1998). This exact argument was rejected by the Eleventh Circuit in *United States v. McLean*, 138 F.3d 1398, 1407 (11th Cir. 1998), citing *United States v. Harden*, 37 F.3d 595, 601 (11th Cir. 1994). The *McLean* court specifically found that § 851(a)(2) "is not even arguably susceptible to" the interpretation that the priors must be alleged in the indictment. 138 F.3d at 1407. Defendant was not prejudiced by counsel's failure to make a non-meritorious argument.

**9. Denial of right to impartial jury**

Defendant contends that through the ineffectiveness of counsel, he was denied the right to an impartial jury and to exclude jurors educated in the public schools. He appears to contend that all jurors educated in public (ie. "Government")

schools are not capable of being impartial because they "spend twelve years or more educated in government schools to obey the government" and are subjected to government propaganda during this educational process. His contention that counsel should have therefore excluded all jurors who had received a public education because of his personal belief that they are somehow incapable of independent thought is without foundation.

## III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 84) be DENIED.

At Pensacola, Florida, this 17th day of February, 2010.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).